| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

ROBIN DENNIS PERRY SHIELDS, §
*Individually and as next of friend of John Doe*, §
  §
     Plaintiff, §
  §
  §
*versus* §    CIVIL ACTION NO. 1:24-CV-171
  §
  §
PORT ARTHUR INDEPENDENT SCHOOL §
DISTRICT, MARK PORTERIE, and §
MONIQUE BIENVENUE, §
  §
     Defendants. §

## MEMORANDUM AND ORDER

Pending before the court is Plaintiff Robin Dennis Perry Shields's ("Shields") Motion for New Trial Pursuant to Federal Rule of Civil Procedure 59(e) (#38). Defendants Port Arthur Independent School District ("PAISD"), Superintendent Dr. Mark Porterie ("Porterie"), and Monique Bienvenue ("Bienvenue") (collectively, "Defendants") filed a response in opposition (#39). Having considered the motion, the response, the submissions of the parties, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I.    Background

Shields, individually and as next friend of John Doe ("Doe"), filed this lawsuit against PAISD and against Porterie and Bienvenue in their individual capacities. Shields claims that her son, Doe, is "non-verbal, autistic, and has sickle cell anemia." Shields contends that, during the times relevant to this lawsuit, Doe was enrolled in PAISD's special education ("SPED") program at Memorial High School in Port Arthur, Texas. Bienvenue and Michael Oliver ("Oliver") were Doe's SPED teachers and Porterie was the Superintendent of PAISD. In her Second Amended

Complaint, Shields alleges that Bienvenue engaged in a pattern of physical and emotional abuse toward Doe.  Shields also asserts that PAISD, as well as Porterie, acted with deliberate indifference by failing to prevent, investigate, or address the alleged misconduct.  Shields identifies several events during which she contends Bienvenue acted inappropriately towards Doe. Specifically, Shields avers that on May 13, 2022,[1] Bienvenue hit Doe with a closed fist and pushed him during a fire drill at Memorial High School.  Shields also contends that Doe sprained his ankle on two separate occasions while under the supervision of Bienvenue and that the causes of the injuries were never explained.

Shields further asserts that Bienvenue displayed dishonest behavior on multiple occasions. For instance, Shields asserts that during the 2020-2021 academic year, school staff called Shields and told her that she needed to come to the school.  When Shields arrived, Bienvenue was with Doe in the school's hallway.  When Doe walked past Bienvenue, he slapped at Bienvenue's pocket.  At first, Bienvenue denied having anything in her pocket, but she ultimately admitted to having Doe's cellular telephone there and returned it to Shields.  On another occasion, Shields contends that Bienvenue fabricated a story about Shields having an argument with a school security officer, which resulted in Shields being prevented from dropping off and picking up Doe from the back entrance to Memorial High School.

Shields also asserts that Bienvenue displayed inappropriate behavior toward other SPED students.  Specifically, Shields alleges that on or about September 22, 2021, Bienvenue flipped

---

[1] Doe's date of birth is May 6, 2002, making him 20 years old at the time of this incident.

over a table, ripped up another student's papers, and threw the contents of the student's backpack onto the floor.[2]

On May 13, 2024, Shields filed the Original Complaint (#1).  On July 3, 2024, Defendants filed a Motion to Dismiss the Original Complaint (#3).  On July 24, 2024, Shields filed a First Amended Complaint (#8).  On August 14, 2024, Defendants filed a Motion to Dismiss the First Amended Complaint (#12).  On September 16, 2024, pursuant to Federal Rule of Civil Procedure 16, the court entered a scheduling order which set a deadline of December 19, 2024, to amend the pleadings.  On December 19, 2024, with leave of the court, Shields filed a Second Amended Complaint (#25), which was the live pleading in this case.

Shields's Second Amended Complaint, filed on behalf of herself and her disabled son, "Doe," included causes of action for violations of the Americans with Disabilities Act ("ADA") against PAISD, as well as claims under 42 U.S.C. § 1983, including a First Amendment retaliation cause of action against "Defendants," and equal protection and substantive due process claims against Porterie and Bienvenue.  In addition, the Second Amended Complaint asserted a state law claim for intentional infliction of emotional distress against Bienvenue.

On January 3, 2025, Defendants filed a Motion to Dismiss the Second Amended Complaint (#26).  On September 10, 2025, the court entered a Memorandum and Order (#36) granting Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint.  On September 11, 2025, the court entered a final judgment (#37).  On October 8, 2026, Shields timely filed a Motion for

---

[2] While Shields's pleading merely refers to "the student" when describing this incident, the attachments to her Second Amended Complaint clarify that this interaction was with a student other than Doe.

New Trial Pursuant to Federal Rule of Civil Procedure 59(e) (#38).[3]  In her motion, Shields only addresses the dismissal of her Section 1983 claims based on substantive due process, contending that the court erred in concluding that Bienvenue's conduct during the May 13, 2022, fire drill constituted corporal punishment, rather than a malicious unprovoked attack.

II.      Motion to Alter or Amend Judgment Pursuant to Rule 59(e)

A Rule 59(e) motion questions the correctness of a court's prior judgment.  *Banister v. Davis*, 590 U.S. 504, 507 (2020); *Willbern v. Bayview Loan Servicing, L.L.C.*, 842 F. App'x 865, 869 (5th Cir. 2021) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)); *Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017).  The rule is designed to serve the "narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence." *Vuoncino v. Forterra, Inc.*, 140 F.4th 200, 212 (5th Cir. 2025) (quoting *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021); *accord Farmers Tex. Cnty. Mut. Ins. Co. v. 1st Choice Accident & Inj., L.L.C.*, ___F.4th___, No. 24-20275, 2026 WL 507787, at *2 (5th Cir. Feb. 24, 2026); *Edionwe*, 860 F.3d at 294; *In re Deepwater Horizon*, 785 F.3d 986, 991 (5th Cir. 2015) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).  Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law.  *Fry v. City of Hernando*, No. 24-60532, 2025 WL 1378750, at *2 (5th Cir. May 13, 2025) (quoting *Demahy v. Schwarz Pharm., Inc.*, 702 F.3d 177, 182 (5th Cir. 2012)).

A Rule 59(e) motion may not be used simply for "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of the judgment" or to relitigate

---

[3] As Defendants observe, Shields's pleading is titled as a "Motion for New Trial," however, the court presumes that she intended to title the filing as a Motion to Alter or Amend Judgment based on her citation to Rule 59(e) and its legal standard throughout the motion.

matters that were not resolved to the movant's satisfaction. *Mendoza v. Fed. Deposit Ins. Corp.*, 841 F. App'x 660, 663 (5th Cir. 2021) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (2004)); *accord Banister*, 590 U.S. at 508 ("In particular, courts will not address new arguments or evidence that the moving party could have raised before the decision issued."); *Vuoncino*, 140 F.4th at 212 (noting that Rule 59(e) motions should not be used to raise arguments "which could, and should, have been made before the judgment issued" (quoting *Rollins*, 8 F.4th at 396)); *In re Deepwater Horizon*, 785 F.3d at 992 (holding that an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration). Indeed, "motions for reconsideration are not to be viewed as a readily available 'back up' plan for curing briefing deficiencies." *Atkinson Candy Co. v. Laco, Inc.*, No. 9:17-CV-33, 2017 WL 11610346, at *1 (E.D. Tex. July 22, 2017) (quoting *Brauninger v. Default Mgmt. Sols., L.L.C.*, No. 05-0688, 2007 WL 128809, at *6 n.6 (E.D. La. Jan. 16, 2007), *aff'd*, 260 F. App'x 634 (5th Cir. 2007)). Hence, motions for reconsideration should not be used "simply to correct a prior motion's inadequacies." *Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*, No. Civ.A.3:03-CV-2837, Civ.A.3:04-CV-0348-G, 2005 WL 827076, at *3 (N.D. Tex. Apr. 6, 2005); *see Hernandez v. Results Staffing, Inc.*, No. 4:14-CV-182-A, 2019 WL 1275448, at *6 n.4 (N.D. Tex. Mar. 20, 2019). Moreover, mere disagreement with a district court's order does not warrant reconsideration of the order. *Chapman v. LHC Grp., Inc.*, 126 F. Supp. 3d 711, 719 (E.D. La. 2015); *St. Paul Mercury Ins. Co. v. Lewis-Quinn Constr.*, No. H-10-5146, 2012 WL 5381701, at *1 (S.D. Tex. Oct. 31, 2012).

A district court has "considerable discretion to grant or deny a motion under Rule 59(e)." *Schoenbauer v. Deutsche Bank Nat'l Tr. Co.*, No. 22-10726, 2023 WL 3452074, at *2 (5th Cir.

May 15, 2023); *accord Def. Distributed v. U. S. Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020) (quoting *Edward H. Bohlin Co. v. The Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993)). Indeed, a motion for reconsideration under Rule 59(e) "is an extraordinary remedy" that should be granted "sparingly." *Matthews v. Tidewater, Inc.*, 108 F.4th 361, 371 (5th Cir. 2024) (quoting *Templet*, 367 F.3d at 479); *Schoenbauer*, 2023 WL 3452074, at *2; *Edionwe*, 860 F.3d at 295. A court's discretion, however, "is not without limit." *Edward H. Bohlin Co.*, 6 F.3d at 355. When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc.*, 6 F.3d at 355; *accord Rivera v. Garza*, No. 21-20605, 2022 WL 2752224, at *1 (5th Cir. July 14, 2022) (quoting *Templet*, 367 F.3d at 478-79). Accordingly, the Rule 59(e) standard "favor[s] the denial of motions to alter or amend a judgment." *La. Newpack Shrimp Co., Inc. v. Indigo Seafood Partners, Inc.*, No. 22-30653, 2023 WL 5316473, at *2 (5th Cir. Aug. 17, 2023) (quoting *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)); *accord Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 549 n.26 (5th Cir. 2003).

"The manifest injustice standard presents . . . a high hurdle" for the movant. *Westerfield v. United States*, 366 F. App'x 614, 619 (6th Cir. 2010); *see Lamb v. Ashford Place Apartments L.L.C.*, 914 F.3d 940, 943 (5th Cir. 2019) ("A motion to alter or amend judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." (quoting *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005)); *Simon v. United States*, 891 F.2d 1154, 1159 (1990) (recognizing that the movant bears the burden of "clearly establishing" a manifest error in the context of a Rule 59(e) motion); *accord Bender Square Partners v. Factory*

6

*Mut. Ins. Co.*, No. 4:10-CV-4295, 2012 WL 1952265, at *4 (S.D. Tex. May 30, 2012).  The

United States Court of Appeals for the Fifth Circuit has defined "manifest error" as one that is

"plain and indisputable, and that amounts to a complete disregard of the controlling law."  *Guy*

*v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004); *accord Puga v. RCX Sols., Inc.*, 922

F.3d 285, 293 (5th Cir. 2019); *Huss v. Gayden*, 585 F.3d 823, 829 (5th Cir. 2009).

Shields contends that the court erred in holding that Bienvenue's actions, as alleged in the

Second Amended Complaint, do not constitute an actionable substantive due process violation

under 42 U.S.C. § 1983.  At the outset, Shields's motion fails to meet the standard to obtain relief

under Rule 59(e) as her motion merely expresses disagreement with the court's application of the

law to the pleaded facts.  She is attempting to relitigate old matters and raise arguments "which

could, and should, have been made before the judgment issued."  *Vuoncino*, 140 F.4th at 212.

Moreover, the merits of Shields's motion provide no justification for relief.  As stated in the

court's prior order, the Fifth Circuit has held that "a substantive due process claim may proceed

for actions taken in a pedagogical setting when the conduct cannot be characterized as corporal

punishment, but rather constitutes a malicious unprovoked attack."  *See Flores v. Sch. Bd. of*

*DeSoto Par.*, 116 F. App'x 504, 510 (5th Cir. 2004).[4]

---

[4] In an attempt to state the "appropriate standard" for determining whether conduct is actionable as a substantive due process claim, Shields cites to the Fourth Circuit Court of Appeal's opinion in *Hall v. Tawney* for the proposition that the court should consider "whether force was so inspired by malice or sadism rather than careless excess of zeal that it amounted to brutal abuse of official power shocking to the conscience."  621 F.2d 607, 613 (4th Cir. 1980) ("As in the cognate police brutality cases, the substantive due process inquiry in school corporal punishment cases must be whether the force applied caused injury so severe, was so disproportionate to the need presented, and was so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience.")).  In *Hall v. Tawney*, the parents and minor child sued the child's school teacher and school officials for paddling the child.  The district court dismissed the lawsuit.  On appeal, the Fourth Circuit concluded "that there may be circumstances under which specific corporal punishment administered by state school officials gives rise to an independent federal cause of action to

7

First, Shields contends that the court failed to consider whether the alleged pattern of misconduct by Bienvenue establishes malicious intent.  Specifically, Shields argues that Bienvenue hid Doe's phone in her pocket, Bienvenue fabricated a story about an argument between Shields and a school security guard, Doe sustained two unexplained ankle injuries while at school, and Bienvenue tore up another special education student's paper.  The court, however, did consider these alleged events, as they were included in her pleading.  The court concluded, however, that many of these events were either too remote or too conclusory to have a bearing on Shields's substantive due process claim for excessive corporal punishment.  *See, e.g.*, *Randall v. New Caney Indep. Sch. Dist.*, No. 4:23-CV-02332, 2024 WL 1023039, at \*4 (S.D. Tex. Mar. 8, 2024) (finding that school district's actions of confiscating a minor student's jeans and disclosing the student's "medical records have no bearing on the alleged Fourth and Fourteenth Amendment violations, which are premised on the use of excessive force and the deprivation of [the student's] liberty interest in bodily integrity").  For instance, with respect to Doe's sprained ankle injuries, the pleadings fail to allege how these injuries were sustained, much less explain how Bienvenue caused them.

The pleadings allege only one instance when Bienvenue subjected Doe to corporal punishment—the May 13, 2022, fire drill.  Moreover, Shields's pleading expressly stated

---

vindicate substantive due process rights under 42 U.S.C. [§] 1983."  *Id*. at 611.  In reaching its conclusion, the Fourth Circuit disagreed with the Fifth Circuit's decision in *Ingraham v. Wright* that "because corporal punishment per se did not violate substantive due process[,] no cognizable claim was stated under 42 U.S.C. [§] 1983."  *Id*. at 613-14 (citing *Ingraham v. Wright*, 525 F.2d 909 (5th Cir. 1976), *aff'd*, 430 U.S. 651 (1977)).  Shields also cites to the Eleventh Circuit opinion, *Neal v. Fulton County Board of Education*, in support of her argument that "an educator who intentionally uses obviously excessive force violated substantial due process."  229 F.3d 1069, 1075-76 (11th Cir. 2000).  Again, the Eleventh Circuit distinguished Fifth Circuit precedent in reaching its holding.  *Id*. at 1075 (citing *Fee v. Herndon*, 900 F.2d 804, 808 (5th Cir. 1990) ("*but see Fee*, 900 F.2d at 808 (Fifth Circuit)")).

Bienvenue's motivation for this physical conduct—namely, that Bienvenue struck Doe on this occasion in order to require him to comply with her instructions to sit with his peers on the curb, away from the building, during the school's fire drill.  The Second Amended Complaint explains that the faculty and students had evacuated the school building and the students were "sitting on the curb" outside.  "Doe sought shelter in the shade of a wall and was required by Bienvenue to join his fellow students in sitting on the curb."  "Bienvenue antagonized [Doe] and began shouting at him, causing the student to become aggressive and grab her.  Defendant, Bienvenue then hit the student with a closed fist and pushed him down on the curb and hit him a second time."  The facts as stated by Shields indicate that Bienvenue approached Doe to give him an instruction, with which he failed to comply.  In fact, instead of complying with Bienvenue's directive, Doe responded aggressively by grabbing Bienvenue.  Even though the court "would never condone the kind of conduct of which [Bienvenue] is accused . . . [her] alleged actions are properly characterized as corporal punishment." *Flores*, 116 F. App'x at 511; *T.O. v. Fort Bend Indep. Sch. Dist.*, 2 F.4th 407, 415 (5th Cir. 2021) ("Even if [the defendant's] intervention were ill-advised and her reaction inappropriate, we cannot say that it did not occur in a disciplinary context."); *see, e.g.*, *Randall*, 2024 WL 1023039, at *3 (finding school district employee's use of force against student in order to keep the student in a designated area with other students occurred in a disciplinary setting and was not a "random, malicious, and unprovoked attack").

Shields now states, for the first time, that Doe "was standing in a designated location" during the fire drill.  Even if this information were true, it does not negate the fact that Bienvenue required Doe to sit with his peers.  The physical confrontation was precipitated by Doe's failure to follow Bienvenue's instruction.

9

Further, the court is not persuaded by Shields's assertion that attempting to maintain order during a school fire drill serves no pedagogical purpose. "The Supreme Court described corporal punishment as force that a teacher 'reasonably believes to be necessary for a child's proper control, training, or education.' . . . At bottom, fairly characterizing an act as corporal punishment depends on whether the school official intended to discipline the student for the purpose of maintaining order and respect or to cause harm to the student for no legitimate pedagogical purpose." *Flores,* 116 F. App'x at 510-11. Thus, even if Shields's allegations about Bienvenue's "inappropriate, abusive behavior are true," Bienvenue's acts apparently were meant to maintain order and respect of her student, at the school, during the school day. *Id*. at 511; *see J.W. v. Paley*, 81 F.4th 440, 453 (5th Cir. 2023) ("[A]lthough the offending conduct may not have been traditional 'punishment,' it was intended to assert order or control over a student for a legitimate pedagogical purpose.").

Similarly, Shields's allegations that Bienvenue struck Doe with a closed fist and that Doe was a special education student do not alter the outcome. "[I]n this circuit, 'injuries sustained incidentally to corporal punishment, irrespective of the severity of these injuries or the sensitivity of the student, do not implicate the due process clause if the forum state affords adequate post-punishment civil or criminal remedies for the student to vindicate legal transgressions.'" *Farshid on behalf of E.K. v. Allen Indep. Sch. Dist. through Bd. of Trs.*, No. 23-40532, 2024 WL 3082335, at *2 (5th Cir. June 21, 2024) (quoting *Fee*, 900 F.2d at 808).

Shields further cites to *Jefferson v. Ysleta Indep. Sch. Dist.*, to support her contention that Bienvenue's conduct served no pedagogical purpose. 817 F.2d 303, 305 (5th Cir. 1987). *Jefferson*, however, is distinguishable. In *Jefferson*, a teacher tied "a second-grade student to a

10

chair for an entire school day and for a substantial portion of a second day, as an educational exercise, with no suggested justification, such as punishment or discipline." *Id*. at 305. Thus, the court found that there was no clear pedagogical objective to tying up a student for two days. In contrast, the facts pleaded by Shields demonstrate that Bienvenue was attempting to require Doe to sit with his peers during a fire drill.

Accordingly, Shields has failed to carry her burden under Rule 59(e) and her motion should be denied.

III.    Leave to Amend

Finally, in the alternative, Shields seeks leave to file a third amended complaint. Shields states:

> With leave to amend, Plaintiff could provide additional factual detail regarding Defendant Bienvenue's special education training demonstrating her knowledge of appropriate behavioral intervention techniques, medical records documenting injuries and their effects on Doe's health, additional incidents of inappropriate conduct toward Doe or other students, facts regarding Doe's medical condition and specific risks physical trauma poses to individuals with sickle cell anemia, school district policies governing teacher conduct during emergency drills, and facts based on expert opinion regarding professional standards applicable to special education teachers. Each category would directly address whether Defendant Bienvenue's conduct was motivated by pedagogical purpose or malice.

Under the Scheduling Order, the deadline to amend the pleadings was December 19, 2024—the date that Shields filed her Second Amended Complaint. Federal Rule of Civil Procedure "16(b) governs amendment of pleadings after a scheduling order deadline has expired." *Olivarez v. T-mobile USA, Inc.*, 997 F.3d 595, 602 (5th Cir. 2021) (quoting *S&W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)); *accord Shaw v. Restoration Hardware, Inc.*, 93 F.4th 284, 292 (5th Cir. 2024); *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 734 (5th Cir. 2018); *Bometals, Inc. v. Ray's*

11

*Threading & Fabrication*, *LLC*, No. 3:22-CV-445-L, 2022 WL 19404003, at *1 (N.D. Tex. Sept. 9, 2022); *but see Harvey v. Montiel*, No. 25-40127, 2026 WL 483286, at *6 (5th Cir. Feb. 20, 2026) (applying Rule 15(a) standard in evaluating plaintiff's request for leave to amend filed in conjunction with motion for reconsideration under Rules 59(e) and 60)). Because Shields seeks to amend her complaint after the deadline set forth in the scheduling order has passed, the Rule 16(b) standard applies. *See, e.g.*, *Olivarez*, 997 F.3d at 602; *Innova Hosp. San Antonio, Ltd. P'ship*, 892 F.3d at 734; *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013).

Rule 16(b) states that a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). Only when the movant demonstrates the requisite "good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Innova Hosp. San Antonio, Ltd. P'ship*, 892 F.3d at 734-35 (quoting *S&W Enters., L.L.C.*, 315 F.3d at 536); *accord Olivarez*, 997 F.3d at 602; *United States ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016); *Filgueira*, 734 F.3d at 420; *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).

"The good cause standard requires a showing by the movant that 'the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Olivarez*, 997 F.3d 595, 602, (quoting *S&W Enters., L.L.C.*, 315 F.3d at 535); *accord Banks v. Spence*, 114 F.4th 369, 371 (5th Cir. 2024), *cert. denied sub nom. Holston Banks v. Spence*, 145 S. Ct. 1082 (2025)). When Rule 16 is at issue, the Fifth Circuit recognizes that district courts need "broad discretion to preserve the integrity and purpose of the pretrial order." *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 n.2 (5th Cir. 2007) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th

Cir. 1990)); *accord Olivarez*, 997 F.3d at 602; *Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 288 (5th Cir. 2019) ("District courts must have the power to control their dockets by holding litigants to a schedule."). In evaluating whether a movant has demonstrated good cause, the court considers: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Banks*, 114 F.4th at 371 (quoting *S&W Enters., L.L.C.*, 315 F.3d at 536); *accord Innova Hosp. San Antonio, Ltd. P'ship*, 892 F.3d at 734-35; *United States ex rel. Bias*, 816 F.3d at 328; *Filgueira*, 734 F.3d at 420; *Fahim*, 551 F.3d at 348; *Bometals, Inc.*, 2022 WL 19404003, at *1.

Here, Shields, without addressing the good cause standard, states: "The case is at an early stage with no discovery conducted and no trial date set." Shields fails to explain why, despite her asserted diligence, the Scheduling Order deadline to amend could not have reasonably been met. *See Banks*, 114 F.4th at 371 (holding that a plaintiff's lack of an explanation for delay was sufficient to deny leave to amend). Accordingly, Shields has failed to demonstrate good cause to modify the scheduling order and permit the untimely amendment.

Even assuming that Shields satisfied the good cause requirement, leave to file a third amended complaint should not be granted under Federal Rule of Civil Procedure 15's more generous standard. Although "[t]he court should freely give leave when justice so requires" under Rule 15(a), the Fifth Circuit has observed that this "is not a mechanical absolute and the circumstances and terms upon which such leave is to be 'freely given' is committed to the informed, careful judgment and discretion of the Trial Judge as he superintends the development of a cause toward its ultimate disposition." *Freeman v. Cont'l Gin Co.*, 381 F.2d 459, 468 (5th

13

Cir. 1967) (quoting *Lone Star Motor Imp., Inc. v. Citroen Cars Corp.*, 288 F.2d 69, 75 (5th Cir. 1961)); *accord Farmers Tex. Cnty. Mut. Ins. Co.*, 2026 WL 507787, at \*3 ("Although leave to amend under Rule 15(a) is to be freely given, that generous standard is tempered by the necessary power of a district court to manage a case."); *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 391 (5th Cir. 2017). Considerations aiding in this determination include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]" *Farmers Tex. Cnty. Mut. Ins. Co.*, 2026 WL 507787, at \*3; *Residents of Gordon Plaza, Inc. v. Cantrell*, 25 F.4th 288, 302-03 (5th Cir. 2022) (quoting *Stevens v. St. Tammany Par. Gov't*, 17 F.4th 563, 575 (5th Cir. 2021)); *Body by Cook, Inc.*, 869 F.3d at 391 (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)); *Rosenblatt v. United Way of Greater Hous.*, 607 F.3d 413, 419 (5th Cir. 2010); *Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 391 (5th Cir. 2009). If any one of these factors applies, leave may be withheld. *Rosenblatt*, 607 F.3d at 419; *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (explaining, conversely, that "[a]bsent any of these factors, the leave sought should be 'freely given'" (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

Here, Shields was given repeated opportunities to cure the relevant deficiency here—that "the Fifth Circuit 'does not permit public school students to bring claims for excessive corporal punishment as substantive due process violations under [Section] 1983 if the State provides an adequate remedy.'" Doc. Nos. 3, 12 (quoting *Flores*, 116 F. App'x at 509). Defendants' Motion to Dismiss the Original Complaint (#3) raised this issue, and Shields was granted leave to amend

14

her pleading and filed a First Amended Complaint (#8). Defendants raised the point again in their Motion to Dismiss the First Amended Complaint (#12), and Shields filed the Second Amended Complaint (#25). The court granted Defendants' Motion to Dismiss the Second Amended Complaint (#26), in part on the grounds repeatedly raised by Defendants. Moreover, Shields did not seek leave to amend her pleadings in her response to Defendants' Motion to Dismiss the Second Amended Complaint. Thus, leave to amend the pleadings is not warranted. *See Harvey*, 2026 WL 483286, at *7 (holding that the district court did not abuse its discretion by dismissing plaintiff's claims with prejudice and without leave to amend when plaintiff repeatedly failed to cure deficiencies by previous amendments); *Stevens*, 17 F.4th at 575 (holding that a district court did not abuse its discretion by denying a fourth attempt to cure defects in a plaintiff's complaint); *United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (affirming the district court's dismissal where the plaintiff had an opportunity to cure the specified defects in his complaint and failed to do so); *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010) (holding that leave to amend was properly denied where plaintiff was on notice of deficiencies for nine months and did not attempt to correct them); *Torch Liquidating Tr. ex rel. Bridge Assoc. L.L.C.*, 561 F.3d at 391 (finding that plaintiff had ample opportunity to cure noted defects through a prior amendment); *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 404 (5th Cir. 2004) (noting that "pleading review is not a game where the plaintiff is permitted to file serial amendments until he finally gets it right").

IV.    <u>Conclusion</u>

In accordance with the foregoing analysis, Shields's Motion for New Trial Pursuant to Federal Rule of Civil Procedure 59(e) (#38) is DENIED.

SIGNED at Beaumont, Texas, this 18th day of March, 2026.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE